UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

ANSHEL SCHWARTZ,

                  Plaintiff,

    -against-

THE CITY OF NEW YORK; POLICE OFFICER
ROSARIO MONTERO, Shield No. 23388; JOHN
DOE #1; JOHN DOES; RICHARD ROES;
ANNEX ANTIQUE FAIR & FLEA MARKET,
INC.; HELENE BOSS; MICHAEL MOE #1; and
MICHAEL MOES,

                  Defendants.

------------------------------------------------------------X



**14 CV 5389**

**COMPLAINT**

**JURY TRIAL DEMANDED**

RECEIVED
JUL 17 2014
U.S.D.C. S.D. N.Y.

FILED
U.S. DISTRICT COURT
2014 JUL 17 PM 1:55
S.D. OF N.Y.

<u>PRELIMINARY STATEMENT</u>

1.    This is a civil action in which the plaintiff, ANSHEL SCHWARTZ, seeks relief for the defendants' violation of his rights secured by the Civil Rights Act of 1871, 42 U.S.C. § 1983, by the United States Constitution, including its Fourth and Fourteenth Amendments, and by the laws and Constitution of the State and City of New York.  The plaintiff seeks damages, both compensatory and punitive, affirmative and equitable relief, an award of costs and attorneys' fees, and such other and further relief as this court deems equitable and just.

1

## JURISDICTION

2.    This action is brought pursuant to the Constitution of the United States, including its Fourth and Fourteenth Amendments, and pursuant to 42 U.S.C. § 1983.  Jurisdiction is conferred upon this court by 42 U.S.C. § 1983 and 28 U.S.C. §§1331 and 1343(a)(3) and (4), this being an action seeking redress for the violation of the plaintiff's constitutional and civil rights.

3.    The plaintiff further invokes this court's supplemental jurisdiction, pursuant to 28 U.S.C. §1367, over any and all state law claims and as against all parties that are so related to claims in this action within the original jurisdiction of this court that they form part of the same case or controversy.

## JURY TRIAL DEMANDED

4.    Plaintiff demands a trial by jury on each and every one of his claims as pleaded herein.

## VENUE

5.    Venue is proper for the United States District Court for the Southern District of New York pursuant to 28 U.S.C. §1391 (a), (b) and (c).

## NOTICE OF CLAIM

6.    Plaintiff filed a timely Notice of Claim with the Comptroller of the City of New York on October 15, 2013, within 90 days of the incidents complained of herein.  More than 30 days

2

have elapsed since the filing of the Notice of Claim, and adjustment or payment thereof has been neglected or refused.

**PARTIES**

7.    Plaintiff was at all times relevant herein a resident of the State of New York.

8.    Defendant THE CITY OF NEW YORK is and was at all times relevant herein a municipal entity created and authorized under the laws of the State of New York.  It is authorized by law to maintain a police department, which acts as its agent in the area of law enforcement and for which it is ultimately responsible. Defendant THE CITY OF NEW YORK assumes the risks incidental to the maintenance of a police force and the employment of police officers as said risk attaches to the public consumers of the services provided by the New York City Police Department.

9.    Defendants POLICE OFFICER ROSARIO MONTERO, JOHN DOE #1, and JOHN DOES are and were at all times relevant herein duly appointed and acting officers, servants, employees and agents of THE CITY OF NEW YORK and/or the New York City Police Department (NYPD), a municipal agency of defendant THE CITY OF NEW YORK. Defendants POLICE OFFICER ROSARIO MONTERO, JOHN DOE #1, and JOHN DOES are and were at all times relevant herein acting under color of state law in the course and scope of their duties and functions as officers, agents, servants, and employees of defendant THE CITY OF NEW YORK, were acting for, and on behalf

3

of, and with the power and authority vested in them by THE CITY
OF NEW YORK and the New York City Police Department, and were
otherwise performing and engaging in conduct incidental to the
performance of their lawful functions in the course of their
duties.  Defendants POLICE OFFICER ROSARIO MONTERO, JOHN DOE #1,
and JOHN DOES are sued individually.

10.  Defendants RICHARD ROES are and were at all times
relevant herein duly appointed and acting supervisory officers,
servants, employees and agents of THE CITY OF NEW YORK and/or the
New York City Police Department, responsible for the training,
retention, supervision, discipline and control of subordinate
members of the police department under their command.  Defendants
RICHARD ROES are and were at all times relevant herein acting
under color of state law in the course and scope of their duties
and functions as supervisory officers, agents, servants, and
employees of defendant THE CITY OF NEW YORK, were acting for, and
on behalf of, and with the power and authority vested in them by
THE CITY OF NEW YORK and the New York City Police Department, and
were otherwise performing and engaging in conduct incidental to
the performance of their lawful functions in the course of their
duties.  Defendants RICHARD ROES are sued individually.

11.  At all times herein mentioned, defendant ANNEX ANTIQUE
FAIR & FLEA MARKET, INC. ("ANNEX") was and is a domestic business
corporation that operated, on the date of Plaintiff's arrest as

4

described herein, a number of antique fairs and flea markets in Manhattan.  It is designated as a domestic business corporation by the NY State Department of State.

12. At all times herein mentioned, defendants HELENE BOSS, MICHAEL MOE #1, and MICHAEL MOES were employees of defendant ANNEX, and were acting within the course and scope of their employment with defendant ANNEX.

13.  Defendant HELENE BOSS acted, on information and belief, as the on-site manager for an antiques fair that was known as the Antiques Garage, which was located on West 25th Street in Manhattan, and which recently ceased operations at its prior location and merged with a nearby flea market known as the West 25th Street Market, which is also managed, on information and belief, by Defendant HELENE BOSS, and which is also operated by Defendant ANNEX.

14.  Defendant HELENE BOSS is, on information and belief, the wife of the Chief Executive Officer of ANNEX, Alan Boss.

15.  At all times herein mentioned, defendants HELENE BOSS and MICHAEL MOES were acting under color of state law.

16.  At all times herein mentioned, defendants HELENE BOSS, MICHAEL MOE #1, and MICHAEL MOES, through their ongoing relationship, joint action, and conspiracy with, members of the New York City Police Department, were clothed with, and acted with

impunity because they were clothed with and protected by, the authority of state law.

17. Defendants HELENE BOSS, MICHAEL MOE #1, and MICHAEL MOES are sued individually.

18. At all times herein mentioned, defendant ANNEX, its agents, servants and/or employees, including defendants HELENE BOSS, MICHAEL MOE #1, and MICHAEL MOES, were under an obligation to operate, manage, maintain, and control the premises, and their own and their subordinates' activities and behavior, in a careful, safe, and lawful manner.

19. At all times herein mentioned, defendant ANNEX was under an obligation to use reasonable care in the hiring, training, retention, and supervision of its employees.

20. At all times herein mentioned, defendant CITY was under an obligation to use reasonable care in the hiring, training, retention, and supervision of its employees.

## STATEMENT OF FACTS

21. Plaintiff is a professional jeweler, who from time to time would shop at the antique fairs and flea markets operated by Defendant ANNEX, and managed by Defendant HELENE BOSS.

22. Plaintiff would on some Sundays purchase jewelry from the antique fairs and flea markets operated by Defendant ANNEX.

23. Plaintiff has always conducted his business at the antique fairs and flea markets – and everywhere else – with the highest degree of ethics and honesty.

24.  On July 21, 2013, in the early afternoon, Plaintiff was shopping in Defendant ANNEX's flea market on West 25th Street.

25.  Plaintiff, on July 21, 2013, was 66 years old.

26.  Defendant HELENE BOSS harbored an irrational animus toward Plaintiff, and had on prior occasions falsely accused Plaintiff of theft and had him ejected from the flea market.

27.  Defendant HELENE BOSS accosted Plaintiff and falsely accused him of passing bad checks to one of the vendors who rented from Defendant ANNEX at the flea market.

28.  Plaintiff tried to explain to Defendant HELENE BOSS that he always paid cash, and that the checks were not made out by him, but rather by his brother (whose name is Jacob Schwartz).

29.  Plaintiff also questioned why Defendant HELENE BOSS believed that the checks were bad, if no one had yet tried to deposit them.

30.  The vendor told Defendant HELENE BOSS that the checks had been given to her by Plaintiff's brother.

31.  Defendant HELENE BOSS told the vendor, falsely, that Plaintiff uses multiple names.

32.  Defendant HELENE BOSS also pressured the vendor to state that Plaintiff had passed the bad checks to her.

33.  Plaintiff, not wishing to have further unpleasant interactions, then decided to leave the flea market.

34.  As Plaintiff was trying to cross the street, Defendant

HELENE BOSS again accosted Plaintiff and told Plaintiff that Plaintiff was under arrest, and that Plaintiff should not move.

35.  Defendant HELFNE BOSS further directed MICHAEL MOE #1-a strong, African-American man, who, on information and belief, was her employee at ANNEX – to take hold of Plaintiff, and MICHAEL MOE #1 took hold of Plaintiff.

36.  Defendant HELENE BOSS also took hold of Plaintiff.

37.  Plaintiff tried in vain to extricate himself, and kept asking Defendant HELENE BOSS what she wanted from him, and what she had against him.

38.  Defendant HELENE BOSS, without any warning or possible justification, punched Plaintiff hard in the left side of his face.

39.  After Plaintiff was struck in the face, he – hurt and frightened – submitted to Defendant HELENE BOSS and stood still, and did not try further to leave the scene.

40.  Defendant HELENE BOSS called the police more than once to come to the scene and accused Plaintiff of being a criminal and a thief, and after approximately 15 minutes or more Defendants POLICE OFFICER ROSARIO MONTERO and JOHN DOE #1 arrived.

41.  Plaintiff was humiliated as he stood there in the custody of Defendant HELENE BOSS and MICHAEL MOE #1.

42.  Defendants POLICE OFFICER ROSARIO MONTERO and JOHN DOE #1 asked Plaintiff for his identification, and Plaintiff provided

8

them with his driver's license.

43.   Plaintiff's driver's license clearly identified him as Anshel Schwartz.

44.   When Defendants POLICE OFFICER ROSARIO MONTERO and JOHN DOE #1 arrived, Defendant HELENE BOSS was shouting, entirely falsely, that Plaintiff goes by other names and is a thief.

45.   Defendants POLICE OFFICER ROSARIO MONTERO and JOHN DOE #1 first sought to speak with, and did speak with, Defendant HELENE BOSS.

46.   For approximately 15 or 20 minutes Defendant POLICE OFFICER ROSARIO MONTERO spoke on and off, exclusively and privately, with Defendant HELENE BOSS.

47.   Plaintiff tried to explain to Defendants POLICE OFFICER ROSARIO MONTERO and JOHN DOE #1 that the checks were not made out by him, but rather by his brother (whose name is Jacob Schwartz), and that he only pays cash.

48.   Plaintiff also tried to tell POLICE OFFICER ROSARIO MONTERO and JOHN DOE #1 that Defendant HELENE BOSS had punched him in the face.

49.   Defendants POLICE OFFICER ROSARIO MONTERO and JOHN DOE #1 were totally uninterested in hearing what Plaintiff had to say, and did not listen to him, and did not ask him a single question.

50.   After speaking with Defendant HELENE BOSS over these approximately 15-20 minutes, Defendant POLICE OFFICER ROSARIO

9

MONTERO placed Plaintiff in handcuffs that were excessively tight, and searched Plaintiff, removing everything from Plaintiff's pockets.

51.   Plaintiff had no checks on him when he was arrested and searched by Defendant POLICE OFFICER ROSARIO MONTERO.

52.   Plaintiff had $4,218.00 in cash on him when he was arrested and searched by Defendant POLICE OFFICER ROSARIO MONTERO.

53.   Plaintiff remained at that location, handcuffed, for an additional approximately 5 minutes, and was then taken, after a circuitous route, by POLICE OFFICER ROSARIO MONTERO and JOHN DOE #1 to the NYPD 13th Precinct.

54.   Plaintiff was searched further at the 13th Precinct, and had his belt and shoelaces taken away from him.

55.   Plaintiff was placed in a cell at the 13th Precinct.

56.   After approximately four hours of being held at the 13th Precinct, Plaintiff was shown the checks that he had purportedly passed by a female Detective at the precinct and was asked, for the first time, if they were his checks.

57.   Plaintiff again said they were not his checks.

58.   A short amount of time later, the female Detective told Plaintiff that he was being released.

59.   Not once – either on the scene at West 25th Street, or during almost the entire time that he was at the precinct, until right before he was released – did any member of the NYPD attempt

10

to ask Plaintiff for his side of the story as to what had occurred with Defendant HELENE BOSS, or anything about the purported bad checks that he had been accused of passing.

60.  Plaintiff was released from the 13th Precinct without charges after approximately four hours.

61.  One member of the NYPD at the precinct apologized to Plaintiff when he was released.

62.  Approximately a week or so following the incident, Defendant HELENE BOSS posted signs at various points in the neighborhood around West 25th Street in Manhattan – and, on information and belief, otherwise distributed the signs as leaflets to vendors at the flea market – that showed photographs of Plaintiff in police custody and which stated as follows:

Vendors BEWARE

Name: Aaron Schwartz AKA Jacob Schwartz

Brooklyn, NY 11206

This man has been reported by dealers at various venues throughout the city of the following:

- Giving **bad checks** in the name of Aaron Schwartz or Jacob Schwartz.
- Taking merchandise from showcases while doing business with them.

11

- Buying jewelry; switching stones and returning merchandise to vendors for a refund.

If he approaches you <u>Do NOT</u> do business with him.

For more information call Helene 917-952-1711

63.   The allegations in these libelous signs are entirely false.

64.   It has not been reported by dealers at various venues throughout the city that Plaintiff has done any of these dishonest things.

65.   Plaintiff has not done any of these dishonest things.

66.   Plaintiff has never been known by, nor gave bad checks as, either Aaron Schwartz or Jacob Schwartz.

67.    Plaintiff has never stolen any merchandise from any showcases.

68.   Plaintiff has never switched stones in jewelry he has purchased, and attempted to return the merchandise with a fake stone or a stone of lesser value for a refund.

69.   HELENE BOSS knew that Plaintiff had not done these dishonest things when she posted and distributed these libelous signs / leaflets, and knew that it had not been reported by dealers at various venues throughout the city that Plaintiff had done any of these dishonest things.

70.  Defendant POLICE OFFICER ROSARIO MONTERO simply took the side of Defendant HELENE BOSS, and, on information and belief, did not conduct any inquiry or investigation other than speaking solely to Defendant HELENE BOSS, whose narrative she accepted unquestioningly.

71.  On information and belief, the NYPD had a policy, practice, and/or custom that members of the NYPD simply defer to accounts of alleged misconduct by members of the public given by management and/or security and/or other employees at retail and other business establishments in the CITY OF NEW YORK.

72.  Defendants HELENE BOSS and MICHAEL MOE #1 detained and struck Plaintiff under color of law in that they were granted by members of the NYPD a status according to which they were granted undue deference in their disputes (including physical disputes) with the public.

73.  Defendants HELENE BOSS and MICHAEL MOE #1 acted under color of law in that they willfully participated jointly with members of the NYPD, and members of the NYPD arrested Plaintiff (and declined to arrest Defendant HELENE BOSS for her vicious attack on the Plaintiff) based on statements made by Defendant HELENE BOSS, without conducting any independent or honest investigation, and granting undue deference to the narrative provided by Defendant HELENE BOSS.

74.  Defendant ANNEX, by and through its agents, servants and/or employees, including Defendants HELENE BOSS and MICHAEL MOE #1, willfully participated in joint activity with defendant CITY, its

agents, servants and/or employees, in having Plaintiff arrested and imprisoned, and in attempting to have Plaintiff be charged with a crime(s), without justification, privilege, or probable cause.

75.   Based on the instigation, importuning, and encouragement by defendant ANNEX, its agents, servants and/or employees, including defendants HELENE BOSS and MICHAEL MOE #1, and without first conducting any reasonable or honest inquiry or investigation, defendant POLICE OFFICER ROSARIO MONTERO intentionally and with deliberate indifference to Plaintiff's civil rights arrested and imprisoned Plaintiff.

76.   As a result of the collective acts of defendant CITY, its agents, servants and/or employees, including defendant POLICE OFFICER ROSARIO MONTERO, and defendant ANNEX, its agents, servants and/or employees, including defendants HELENE BOSS and MICHAEL MOE #1, plaintiff sustained loss of liberty, physical injury, and suffered emotional distress, and has otherwise been damaged.

## FIRST CLAIM

### DEPRIVATION OF RIGHTS UNDER THE
### UNITED STATES CONSTITUTION AND 42 U.S.C. §1983

77.   The plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

78.   By their conduct and actions in harassing, detaining, searching, seizing, arresting, assaulting and battering, inflicting emotional distress upon, and failing to intercede on

behalf of, Plaintiff, the individual defendants, acting both on their own and in conspiracy with each other, intentionally, maliciously, and with a deliberate indifference to or a reckless disregard for the natural and probable consequences of their acts, caused damage and injury in violation of the plaintiff's Constitutional rights as guaranteed under 42 U.S.C. §1983 and the United States Constitution, including its Fourth and Fourteenth Amendments.

79.  As a result of the foregoing, plaintiff was deprived of his liberty, suffered specific and serious bodily injury, pain and suffering, psychological and emotional injury, great humiliation, costs and expenses, and was otherwise damaged and injured.

**SECOND CLAIM**

**SUPERVISORY LIABILITY FOR DEPRIVATION OF RIGHTS UNDER THE UNITED STATES CONSTITUTION AND 42 U.S.C. §1983**

80.  The plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

81.  By failing to remedy the wrongs committed by their subordinates, and in failing to properly train, screen, supervise, or discipline their subordinates, supervisory individuals / officers RICHARD ROES, HELENE BOSS and those other MICHAEL MOES who exercised supervisory responsibilities, caused damage and injury in violation of plaintiff's rights guaranteed

under 42 U.S.C. §1983, and the United States Constitution, including its Fourth and Fourteenth amendments.

82.  As a result of the foregoing, plaintiff was deprived of his liberty, suffered specific and serious bodily injury, pain and suffering, psychological and emotional injury, great humiliation, costs and expenses, and was otherwise damaged and injured.

<u>THIRD CLAIM</u>

**LIABILITY OF THE CITY OF NEW YORK,
AND ANNEX
FOR CONSTITUTIONAL VIOLATIONS**

83.  The plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

84.  At all times material to this complaint, defendant THE CITY OF NEW YORK, acting through its police department, and through the individual defendants had <u>de facto</u> policies, practices, customs and usages which were a direct and proximate cause of the unconstitutional conduct alleged herein.

85.  At all times material to this complaint, defendant THE CITY OF NEW YORK, acting through its police department, and through the individual defendants, had <u>de facto</u> policies, practices, customs, and usages of failing to properly train, screen, supervise, or discipline employees and police officers, and of failing to inform the individual defendants' supervisors

16

of their need to train, screen, supervise or discipline said defendants. These policies, practices, customs, and usages were a direct and proximate cause of the unconstitutional conduct alleged herein.

86. The misconduct detailed above was also the result of an institutional policy, practice, and/or custom of defendant CITY whereby NYPD officers responding to scenes such as that described above are discouraged from making further inquiry or investigation prior to arresting a subject other than receiving information from the personnel at retail and other business establishments, which is given undue deference.

87. Defendant CITY authorized and tolerated as institutionalized practices, and ratified the misconduct detailed above, by failing to take adequate precautions in the supervision and/or training of police personnel, including specifically defendants Police Officers ROSARIO MONTERO and JOHN DOE #1.

88. The defendant CITY's policies/customs and defendant CITY's failure to supervise and/or train its employees, including defendants Police Officers ROSARIO MONTERO and JOHN DOE #1 rose to the level of deliberate indifference to the consequences of its actions, and indifference to plaintiff's rights, privileges and immunities secured by the Constitution of the United States of America, _inter alia_, plaintiff's Fourth and Fourteenth Amendment rights.

89. At all times material to this complaint, defendants

ANNEX, acting through its employees and agents, and through the individual defendants had de facto policies, practices, customs and usages, including acting in conspiracy and conjunction with employees and agents of the City of New York concerning the aforementioned unconstitutional policies, practices, customs, and usages, which were a direct and proximate cause of the unconstitutional conduct alleged herein.

90.   At all times material to this complaint, defendant ANNEX, acting through its employees and agents (including their managers and security personnel), and through the individual defendants, had de facto policies, practices, customs, and usages of failing to properly train, screen, supervise, or discipline its employees and agents, and of failing to inform the individual defendants' supervisors of their need to train, screen, supervise or discipline said employees and agents.  These policies, practices, customs, and usages were a direct and proximate cause of the unconstitutional conduct alleged herein.

91.   As a result of the foregoing, plaintiff was deprived of his liberty, suffered specific and serious bodily injury, pain and suffering, psychological and emotional injury, great humiliation, costs and expenses, and was otherwise damaged and injured.

<u>FOURTH CLAIM</u>

**RESPONDEAT SUPERIOR LIABILITY OF ANNEX FOR DEPRIVATION OF RIGHTS UNDER THE UNITED STATES**

## CONSTITUTION AND 42 U.S.C. §1983

92.  The plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

93.  The conduct of defendants POLICE OFFICER ROSARIO MONTERO, JOHN DOE #1, JOHN DOES, and RICHARD ROES alleged herein, occurred while they were on duty and in uniform, and/or in and during the course and scope of their duties and functions as New York City police officers, and/or while they were acting as agents and employees of the defendant THE CITY OF NEW YORK, and, as a result, the defendant THE CITY OF NEW YORK is liable to the plaintiff pursuant to the state common law doctrine of respondeat superior.

94.  The conduct of defendants HELENE BOSS, MICHAEL MOE #1, and MICHAEL MOES alleged herein, occurred while they were on duty, and/or in and during the course and scope of their duties and functions as managerial and / or security and / or other employees in the management and maintenance of ANNEX and its business interests, and/or while they were acting under color of state law as agents of defendant ANNEX and/or while they were acting under color of state law through conspiracy with officers and/or officials of THE CITY OF NEW YORK, and, as a result, defendant ANNEX is liable to the plaintiff pursuant to the doctrine of respondeat superior for deprivation of rights under

the United States Constitution and 42 U.S.C. § 1983.

95. As a result of the foregoing, plaintiff was deprived of his liberty, suffered specific and serious bodily injury, pain and suffering, psychological and emotional injury, great humiliation, costs and expenses, and was otherwise damaged and injured.

<u>**FIFTH CLAIM**</u>

**RESPONDEAT SUPERIOR LIABILITY OF THE CITY OF NEW YORK and ANNEX FOR STATE LAW VIOLATIONS**

96. The plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

97. The conduct of the individual defendants alleged herein, occurred while they were on duty and in uniform, and/or in and during the course and scope of their duties and functions as New York City police officers, and/or while they were acting as agents and employees of the defendant THE CITY OF NEW YORK, and, as a result, the defendant THE CITY OF NEW YORK is liable to the plaintiff pursuant to the state common law doctrine of respondeat superior.

98. The conduct of defendants HELENE BOSS, MICHAEL MOE #1 and MICHAEL MOES alleged herein, occurred while they were on duty and/or in and during the course and scope of their duties and functions as managerial and/or security and / or other personnel in the management and maintenance of ANNEX and its business

interests, and, as a result, defendant ANNEX is liable to the plaintiff pursuant to the state common law doctrine of respondeat superior.

100. As a result of the foregoing, plaintiff was deprived of his liberty, suffered specific and serious bodily injury, pain and suffering, psychological and emotional injury, great humiliation, costs and expenses, and was otherwise damaged and injured.

### SIXTH CLAIM

### ASSAULT AND BATTERY

101. The plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

102. By the actions described above, defendants did inflict assault and battery upon plaintiff. The acts and conduct of defendants were the direct and proximate cause of injury and damage to plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

103. As a result of the foregoing, plaintiff was deprived of his liberty, suffered specific and serious bodily injury, pain and suffering, psychological and emotional injury, great humiliation, costs and expenses, and was otherwise damaged and injured.

## SEVENTH CLAIM

### FALSE ARREST AND IMPRISONMENT

104. The plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

105. By the actions described above, defendants caused to be falsely arrested and imprisoned or falsely arrested and imprisoned plaintiff, without reasonable or probable cause, illegally and without a warrant, and without any right or authority to do so.  The acts and conduct of the defendants were the direct and proximate cause of injury and damage to the plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

106. As a result of the foregoing, plaintiff was deprived of his liberty, suffered specific and serious bodily injury, pain and suffering, psychological and emotional injury, great humiliation, costs and expenses, and was otherwise damaged and injured.

## EIGHTH CLAIM

### INTENTIONAL and NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

107. The plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

108. By the actions described above, defendant HELENE BOSS

22

engaged in extreme and outrageous conduct, which intentionally and/or negligently caused severe emotional distress to plaintiff. The acts and conduct of the defendant HELENE BOSS were the direct and proximate cause of injury and damage to plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

109. As a result of the foregoing, plaintiff was deprived of his liberty, suffered specific and serious bodily injury, pain and suffering, psychological and emotional injury, great humiliation, costs and expenses, and was otherwise damaged and injured.

<u>**NINTH CLAIM**</u>

**TRESPASS**

110. The plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

111. By the actions described above, defendants willfully, wrongfully and unlawfully trespassed upon the person of plaintiff.

112. As a result of the foregoing, plaintiff was deprived of his liberty, suffered specific and serious bodily injury, pain and suffering, psychological and emotional injury, great humiliation, costs and expenses, and was otherwise damaged and injured.

23

## TENTH CLAIM

### NEGLIGENCE

113. The plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

114. The defendants, jointly and severally, negligently caused injuries, emotional distress and damage to the plaintiff. The acts and conduct of the defendants were the direct and proximate cause of injury and damage to the plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

115. As a result of the foregoing, plaintiff was deprived of his liberty, suffered specific and serious bodily injury, pain and suffering, psychological and emotional injury, great humiliation, costs and expenses, and was otherwise damaged and injured.

## ELEVENTH CLAIM

### NEGLIGENT HIRING, SCREENING, RETENTION, SUPERVISION AND TRAINING

116. The plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

117. Defendants THE CITY OF NEW YORK and ANNEX negligently hired, screened, retained, supervised and trained the individual defendants.  The acts and conduct of the defendants were the

24

direct and proximate cause of injury and damage to the plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

118. As a result of the foregoing, plaintiff was deprived of his liberty, suffered specific and serious bodily injury, pain and suffering, psychological and emotional injury, great humiliation, costs and expenses, and was otherwise damaged and injured.

## TWELFTH CLAIM

### Defamation

119. The plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

120. As described above, Defendant HELENE BOSS made defamatory statements publicly and disseminated them intentionally regarding Plaintiff.

121. Those statements falsely alleged that Plaintiff had engaged in theft and dishonest business practices in a manner designed to expose Plaintiff to public contempt, ridicule, aversion, and disgrace, to induce an evil opinion of him in the mind of the public, to interfere with his business relationships, and to deprive him of friendly intercourse in society.

122. Defendant HELENE BOSS made those statements while knowing of their falsity, or having access to such facts that she should have known of their falsity.

123. Defendant HELENE BOSS repeated those statements even after knowing they were false.

124. The statements were made without privilege or permission, and were *per se* defamatory.

WHEREFORE, the plaintiff demands the following relief jointly and severally against all of the defendants:

    a.   Compensatory damages;

    b.   Punitive damages;

    c.   The convening and empanelling of a jury to consider the merits of the claims herein;

    d.   Costs and interest and attorney's fees;

    e.   Such other and further relief as this court may deem appropriate and equitable.

Dated:    New York, New York
               July 17, 2014


Jeffrey Rothman, Esq.
315 Broadway, Suite 200
New York, New York 10007
(212) 227-2980

Attorney for Plaintiff

27